IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JIMMIE HAROLD CAUDLE, JR., | Case No. CV-06-188-E-BLW |
| Plaintiff, | **ORDER** |
| v. | |
| DEPUTY STEEL, DEPUTY SCHWARTZ, SARGENT O'DELL, SARGENT RAYMOND, and SARGENT COUSINS, | |
| Defendants. | |

Pending before the Court are the following motions: (1) Plaintiff's Motion for Service of Subpoenas (Docket No. 43), and (2) Defendants' Motion to Quash Subpoenas (Docket No. 52) served on Bonneville County Sheriff's Office. The Court has determined that the Clerk's office erroneously issued six subpoenas to Plaintiff, an indigent inmate, and therefore, Defendants' Motion to Quash the Subpoenas will be granted.

**BACKGROUND**

Plaintiff previously filed a motion requesting that six subpoenas be issued to him, and the Clerk's office erroneously issued the subpoenas to Plaintiff. Plaintiff attempted to serve the subpoenas on the Bonneville County Sheriff's Office, and then requested that the Court direct the U.S. Marshal to serve the subpoenas. *See Docket No. 43*. The subpoenas seek confidential information from personnel files of Bonneville County employees.

Plaintiff is an inmate under the custody of the Idaho Department of Correction. He was

ORDER - 1

granted indigent filing status in this action, and therefore, he is not entitled to request issuance of subpoenas until after the Court has authorized their issuance and directed the U.S. Marshal to serve the subpoenas.  Defendants argue that the information requested from the personnel files must be protected for security purposes.  The Court agrees with Defendants' objection to the issuance of the subpoenas, and it will order that the subpoenas be quashed.  Fed. R..Civ. Proc. 45(c)(3)(A)(iii) ("[o]n timely motion, the court by which a subpoena was issued shall quash . . . the subpoena if it . . . requires disclosure of privileged or other protected matter."  Plaintiff shall refrain from serving any further subpoenas on Defendants without prior authorization from the Court.

Defendants also request that the Court stay further discovery in this matter until after their pending Motion for Summary Judgment has been determined.  Plaintiff also filed his own Summary Judgment request.  The Court will grant Defendants' request that no further discovery be authorized until after the ruling on the pending dispositive motions.  *See United State v. Bourgeois*, 964 F.2d 935, 937 (9th Cir. 1992)(district court has broad discretion to limit discovery when it will have no effect on pending issues before the court).  Plaintiff's Motion for Service of the Subpoenas will be denied.

**ORDER**

NOW IT IS HEREBY ORDERED that Plaintiff's Motion for Service of Subpoenas (Docket No. 43) is DENIED and Defendants' Motion to Quash Subpoenas (Docket No. 52) served on Bonneville County Sheriff's Office is GRANTED.  The three subpoenas served upon the Bonneville County Sheriff's Office by Plaintiff in the above-captioned matter are hereby quashed and the Bonneville County Sheriff's Office is not obligated to produce any of the

documents and/or information requested by said subpoenas at this time.



DATED: **August 2, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

ORDER - 3