IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JIMMIE HAROLD CAUDLE, JR. | ) | |
| | ) | Case No. CV-06-188-E-BLW |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM DECISION** |
| vs. | ) | **AND ORDER** |
| | ) | |
| DEPUTY STEEL, DEPUTY | ) | |
| SCHWARTZ, SARGENT O'DELL, | ) | |
| SARGENT RAYMOND, and | ) | |
| SARGENT COUSINS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court are the following motions: (1) Defendant Bonneville County's Motion for Summary Judgment (Docket No. 20); (2) Plaintiff's Motions for Default Judgment (Docket Nos. 24, 25); (3) Plaintiff's Motion to Dismiss Thayne Odell (Docket No. 26); (4) Plaintiff's Motions to Strike Affidavits (Docket Nos. 27, 28); (5) Plaintiff's Motion for Summary Judgment (Docket No. 30); (6) Defendants' Motion to Strike Plaintiff's Summary Judgment Motion (Docket No. 38); (7) Plaintiff's Motion to Appoint Counsel (Docket No. 42); and (8) Plaintiff's Motions to Compel (Docket Nos. 55, 57).

Having fully reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that

**ORDER  1**

the decisional process would not be significantly aided by oral argument. Therefore, in the interest of avoiding further delay, the Court shall decide this matter on the written motions, briefs and record without oral argument.  D. Idaho L. Civ. R. 7.1(b).

The Court has determined that it will grant the Defendants' Motion for Summary Judgment on Plaintiff's Eighth Amendment claim arising out the suicide watch incident and request additional briefing on the status of Plaintiff's state law actions.  The Court will deny Plaintiff's Motion for Summary Judgment and requests for additional discovery.

## SUMMARY JUDGMENT MOTIONS

Summary judgment will be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case.  *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

In a motion for summary judgment, the moving party bears the "initial burden of  identifying for the court those portions of the record which demonstrate the absence of any genuine issues of material fact."  *T.W. Elec. Serv., Inc. v.*

**ORDER  2**

*Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)).  If the moving party points to portions of the record demonstrating that there appears to be no genuine issue of material fact as to claims or defenses at issue, the burden of production shifts to the non-moving party.  To meet its burden of production, the non-moving party "may not rest upon the mere allegations contained in his complaint, but he must set forth, by affidavits, exhibits or otherwise, specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56; *see T.W. Electric Serv.*, 809 F.2d at 630 (internal citation omitted).

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party.  All inferences that can be drawn from the evidence must be drawn in a light most favorable to the nonmoving party.  *T.W. Elec. Serv.*, 809 F.2d at 630-31(internal citation omitted).  The Court is required, however, to determine whether the evidence set forth meets the requirements of Rule 56(c) and (e).  In so doing, the Court is to look at admissibility of the *content* of the evidence, rather than the  admissibility of the *form* of the evidence.  *See Fonseca v. Sysco Food Service of Arizona*, 374 F.3d 840, 846 (9th Cir. 2004); *Block v. City of Los Angeles,* 253 F.3d 410, 418-19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a

**ORDER  3**

form that would be admissible at trial, as long as the party satisfies the

requirements of Federal Rules of Civil Procedure 56."); *Fed. Deposit Ins. Corp. v.*

*New Hampshire Ins. Co.*, 953 F.2d 478, 485 (9th Cir. 1991) (same).  Declarations

that contain hearsay are admissible for summary judgment purposes if they "could

be presented in an admissible form at trial."  *Fraser v. Goodale*, 342 F.3d 1032,

1037 (9th Cir. 2003).

Rule 56(c) requires the Court to enter summary judgment "against a party

who fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof

at trial."  *Celotex*, 377 U.S. at 322.  The existence of a scintilla of evidence in

support of the non-moving party's position is insufficient.  Rather, "there must be

evidence on which the jury could reasonably find for the [non-moving party]."

*Anderson v.  Liberty Lobby*, 477 U.S. at 252.

### Standard for Eighth Amendment Claims

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute.  To

state a claim under § 1983, a plaintiff must allege a violation of rights protected by

the Constitution or created by federal statute proximately caused by conduct of a

person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420

(9th Cir. 1991).  Plaintiff has alleged violations of his Eighth Amendment rights.

**ORDER  4**

The Supreme Court has stated that the Eighth Amendment should be reserved for serious incidents causing "unnecessary and wanton infliction of pain," where such pain has been inflicted by prison officials' "deliberate indifference to the inmates' health or safety." *Hope v. Pelzer*, 536 U.S. 730, 736-37 (2002) (internal citations and punctuation omitted. Further, in *McKune v. Lile*, 536 U.S. 24 (2002), the Court noted that, in determining whether a constitutional claim lies, "[c]ourts must decide whether the [facts] are closer to the physical torture against which the Constitution clearly protects or the *de minimis* harms against which it does not." *Id.* at 42. "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).

Whether a particular event or condition in fact constitutes "cruel and unusual punishment" is gauged against "the evolving standards of decency that mark the progress of a maturing society." *Hudson v. McMillian*, 503 U.S. 1, 8, (1992) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated." *Id.*, 503 U.S. at 9. [1]

---

[1] Plaintiff was advised in the Court's Initial Review Order that verbal harassment, abuse and threats, without more, are not sufficient to state a constitutional deprivation under § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136 (9th Cir. 1987) (allegations that

**ORDER  5**

**Statute of Limitations Defense**

Plaintiff was advised in the Court's Initial Review Order that some of the alleged civil rights violations were beyond the limitation period for filing civil rights claims. The length of the statute of limitations for a civil rights action is governed by state law. *Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here). Idaho Code § 5-219 provides for a two-year statute of limitations for professional malpractice, personal injury, and wrongful death actions, and a federal civil rights action arising in Idaho is governed by this two-year limitation period.

A court may dismiss a case sua sponte on statute of limitations grounds before a defendant has filed a responsive pleading. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686-87 (9th Cir. 1993). The claims in the Complaint arising prior to May of 2004 were dismissed based on the two-year statute of limitations.

**Facts Relating to Eighth Amendment Claims**

---

correctional counselor threatened an inmate's safety were not actionable under § 1983); *Freeman v. Arpaio*, 125 F.3d 732 (9th Cir. 1997) (abusive language directed at prisoner's religious and ethnic background not actionable); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (allegations that defendant verbally abused and threatened him did not constitute a constitutional violation). Therefore, Plaintiff's allegations that police officers verbally assaulted and threatened him were dismissed for failure to state cognizable constitutional claims.

**ORDER  6**

Plaintiff filed a Prisoner Civil Rights Complaint (Complaint) in this action on May 5, 2006. Plaintiff's Complaint alleges that on June 22, 2005, Bonneville County Police Officers Steel and Schwartz came to his home at 10:00 p.m. and sprayed him with something that burned his eyes. He also claims that he was beaten and assaulted. *Complaint*, *Docket No. 2*, p. 20. He further alleges that the officers made false statements against him and "placed three false and malicious charges on me." *Id*., p. 20. Plaintiff claims that he was charged with battery of a police officer, and that he was later acquitted of the charges. *Complaint*, p. 22. Plaintiff filed a state court action, challenging the officer's conduct during the arrest. *Affidavit of Blake G. Hall*, *Docket No. 22*, *Ex. A* (copy of complaint filed in CV06-1464, State of Idaho Seventh Judicial District, Bonneville County).

During Plaintiff's incarceration at the Bonneville County Jail, he expressed suicidal thoughts to Thayne O'Dell, a supervisor at the jail, on June 30, 2005. *Affidavit of Thayne O'Dell, Docket No. 21*, p. 2. The incident occurred at approximately 3:44 p.m. Officer Johnson found a piece of cloth tied into a noose at the top of Plaintiff's mattress. Plaintiff was placed on suicide watch in his cell. At approximately, 4:00 p.m., Brian Mecham, LCSW, examined Plaintiff and gave the jail supervisor a written medical order, directing that Plaintiff be placed in a smock and that his glasses be removed from his cell. *Id.,* p. 2 and Ex. A, p. 19. Plaintiff

**ORDER  7**

refused to remove his clothes, and he was warned that his clothes would be forcibly removed. *Id*., p. 2. Defendants describe Plaintiff's size as six foot two inches tall and weighing approximately 270 pounds. *Id*., p. 3.

Plaintiff started pacing in the cell and told the jail supervisor and the other officers that he was going to remove them from his cell. He also told them that they had no authority over him. *Id*., p. 3. Plaintiff attempted to push the jail supervisor, and the officers restrained Plaintiff by pushing him to the floor and handcuffing him with a double set of handcuffs. Defendants claim that Officer Stewart's ankle was injured while they were restraining Plaintiff. *Id.* Plaintiff was asked whether he would walk out of the cell on his own volition, but he did not respond. *Id*.

Officer O'Dell made the decision to place Plaintiff on a restraint board. He alleges that this was done for reasons of safety and security for all involved. *Id*., p. 3. The jail's medical provider, Dr. Keller, had been informed of the intervention with Plaintiff, and he prescribed a haldol injection. The haldol was administered to Plaintiff, his clothes were removed, and he was dressed in the smock. *Id,* p. 3. At approximately 5:34 p.m., Defendants removed Plaintiff from the restraint board after he agreed to remain calm. His arms and legs were removed from the restraints a few minutes later. *Id*., p. 3, and Ex. A, p. 10.

Plaintiff also claims that in August of 2005, he was arrested by Bonneville

**ORDER  8**

County Police Officers who sprayed him with mace and "proceeded to assault and batter" him. *Complaint*, p. 21. Plaintiff filed a state court action, challenging the officer's conduct during the arrest. *Affidavit of Blake G. Hall*, *Docket No. 22*, *Ex. B* (copy of complaint filed in CV06-2581, State of Idaho Seventh Judicial District, Bonneville County).

Plaintiff alleges that in February of 2006, he was acquitted of the charge of committing battery on a police officer, but he was convicted of obstructing a police officer. He further alleges that he was incarcerated again in January of 2006 and that he was refused the use of the telephone, showers, and a television. *Complaint*, p. 7. While being held in jail, Plaintiff claims that he was subjected to a strip search and forced to sit naked in a cell for six days without clothes. *Id*.

Plaintiff's Response to Defendants' Motion for Summary Judgment consists of one page in which he asserts that Defendants are not entitled to summary judgment and that he is entitled to judgment based on the facts as alleged. *Docket No. 29*.

Plaintiff filed a Motion for Summary Judgment consisting of one page which states that he is entitled "to redress for acts of malfeasance performed by the defendants under color of law." *Docket No. 30*. He also filed an Affidavit in which he states that the Idaho state court actions are based on a different theory of

**ORDER 9**

recovery, and therefore, his civil rights claims in federal court should be allowed to

proceed. *Affidavit in Support of Motion for Summary Judgment, Docket No. 30-2*,

p. 2-3. He claims that the Bonneville County Police Officers violated an Idaho

statute pertaining to the service of arrest warrants at night, thereby creating a civil

rights violation. *Id.*, p. 3. Plaintiff also appears to be challenging the

constitutionality of his arrest and conviction for driving without privileges and

fleeing or attempting to elude a police officer. *Id.*, p. 4. In the Court's Initial

Review Order, Plaintiff was informed that his attempts to challenge his conviction

were barred. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)(when a state prisoner

is challenging his imprisonment, his sole federal remedy is a writ of habeas corpus).


**DISCUSSION**

As previously set forth, Plaintiff has filed Idaho state court actions

challenging the constitutionality of the police officers' conduct during his arrests in

June and August of 2005. Therefore, the Court will not issue a ruling on these

claims until after it has determined whether a state court has already made a

determination on them. The Court will request that Defendants' counsel file a

supplemental brief on the status of the state court actions. In the event there has

previously been a determination on the same claims Plaintiff has raised in the

**ORDER  10**

present action, then he is precluded from proceeding on these claims in federal

court. [2]

Defendants' request for summary judgment focuses on an incident occurring

on June 30, 2005 during which Plaintiff claims that Defendants used excessive

force.  In order to survive a motion for summary judgment, Plaintiff must come

forward with evidence showing there is a genuine issue of material fact as to

Defendants' deliberate indifference to Plaintiff's safety.  *T.W. Electric Serv.*, 809

F.2d at 630.  If Plaintiff's evidence shows that his civil rights claim lacks an

essential element, then summary judgment is appropriate.  *Celotex*, 377 U.S. at 322.

After reviewing the evidence, the Court has concluded that Plaintiff's evidence fails

to show the essential element of deliberate indifference to his safety during the June

30, 2005 suicide watch incident.

Plaintiff generally alleged that he was "assaulted, battered, stripped of his

clothing, strapped to a board, [and] shot up with a drug . . . ."  *Complaint*, p. 4.

---

[2] "Issue preclusion applies in § 1983 actions, *Valley Wood Preserving, Inc. v. Paul*, 785 F.2d 751, 753 (9th Cir. 1986), and prior state judgments have full preclusive effect even if the plaintiff had no opportunity to litigate the claim in a federal forum." *Hawkins v. Risley*, 984 F.2d 321, 322 (9th Cir. 1993)(citations omitted). "The doctrine of res judicata insures the finality of decisions, conserves judicial resources, and protects litigants from multiple lawsuits. . . . It is consistent with these principles to permit a court which has been apprised by [a party] of an earlier decision . . . to examine the res judicata effect of that prior judgment *sua sponte*." *McClain v. Apodacai,* 793 F.2d 1031, 1032-33 (9th Cir. 1986).

**ORDER  11**

Defendants filed affidavits and incident reports, portraying the events on that day in a different light.  Plaintiff did not come forward with affidavits and evidence challenging the Defendants' description of the conditions under which he was place on suicide watch.  It appears that Defendants followed a set protocol for assessing and securing Plaintiff's safety.  After he threatened to commit suicide, the jail's mental health provider was immediately called.  He examined Plaintiff and a determination was made that Plaintiff had the present intention to act on his suicide threats.  Accordingly, the social worker ordered that Plaintiff be placed on suicide watch.  Given the concerns over the safety of Plaintiff and the jail personnel, it appears reasonable for the social worker to contact the jail's physician and consult with him about a haldol injection to subdue Plaintiff.

Additionally, Plaintiff was held on the restraint board for approximately 1.5 hours, until he agreed to remain calm and cooperative with jail officials.  In light of the security and safety concerns arising from Plaintiff's expressed desire to commit suicide and his refusal to cooperate in the suicide watch procedure, Defendants' actions do not show a deliberate indifference to Plaintiff's safety.  *See Michenfelder v. Sumner*, 860 F.2d 328, 331 (9th Cir. 1988)(referring to U.S. Supreme Court's instructions to the federal district courts that they must accord great deference to prison officials' assessments of security and safety concerns in a correctional

**ORDER  12**

setting).  Nor does the record contain evidence of malicious or sadistic behavior toward Plaintiff.  *Hudson v. McMillian*, 503 U.S. at 9 (using force maliciously and sadistically to intentionally cause harm violates contemporary standards of decency).

Based on the foregoing, Defendants' request for summary judgment on Plaintiff's Eighth Amendment claim arising out of the June 30, 2005 incident is granted.

## OTHER PENDING MOTIONS

Defendants request that a portion of Plaintiff's Complaint that went unaddressed in the Court's Initial Review Order be dismissed for failure to state a claim for relief.  The portions of the Complaint to which Defendants refer appear at page seven, paragraph 15.  Plaintiff alleges that he was held in the Bonneville County jail for several weeks beginning in January of 2006.  *Complaint*, p. 7.  He alleges that unnamed jail officials refused to let him make telephone calls, have access to the law library,  or shower for approximately 30 days.  He also claims that Lt. Killpack and Sgt. Proctor orchestrated a "bogus" strip search and stole Plaintiff's clothes.  He alleges that he was forced to sit naked in his cell for six days. *Id*.

The Court inadvertently failed to address these allegations in the Initial

**ORDER  13**

Review Order, but it appears that Plaintiff has failed to include the names of those who personally participated in the series of alleged civil rights violations.  For example, there is no named Defendant linked to the alleged deprivation of telephone use, the law library, and the shower.

Plaintiff is advised that inmates have a constitutional right to be free from "calculated harassment unrelated to prison needs." *Hudson v. Palmer*, 468 U.S. 517, 530, 104 S. Ct. 3194, 3202 (1984).  Likewise, courts have construed the term "calculated harassment" to require  "a pattern of harassment," *Bolar v. O'Connor*, 1993 WL 113280, *5 (E.D. Wash. 1993), and more than "a single incident," *Vigliotto v. Terry*, 873 F.2d 1201, 1203 (9th Cir. 1989) (citing *Hudson v. Palmer* and *Whitley v. Albers*, 475 U.S. 312 (1986)).

Plaintiff is also advised that an Eighth Amendment claim may arise from a deprivation of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citation omitted).  For example, failure to provide clothing and a shower over a long period of time may violate the Eighth Amendment. *See Matthews v. Peters*, 818 F. Supp. 224, 228 n. 6 (D. Ill.1993)(a long-term deprivation of hot water for showers can constitute an Eighth Amendment violation if it is the result of  deliberate indifference).  Additionally, restrictions on a detainee's telephone privileges that prevented him from contacting

**ORDER  14**

his attorney in a criminal matter, and which are not for security or other legitimate reasons, can violate the Sixth Amendment right to counsel. *Tucker v. Randall*, 948 F.2d 388, 390-91 (7th Cir. 1991); *Martin v. Tyson*, 845 F.2d 1451, 1458 (7th Cir. 1988), *cert. denied*, 488 U.S. 863 (1988).

In the event Plaintiff determines that his allegations meet the standards set forth above, he will be given leave to file an amended complaint on the allegations relating to the incarceration occurring in February of 2006.  The amended complaint shall be filed within thirty (30) days.

Plaintiff also filed two Motions for Default Judgment, requesting entry of a default judgment against Defendants Raymond and Cousins.  Defendants' counsel responded to Plaintiff's request for entry of default by notifying the Court that they have not entered an appearance on behalf of Defendants Cousins and Raymond. Therefore, no waiver of service of summons was ever executed on these Defendants' behalf, and they would need to be served with the action before a default judgment could be entered against them.

Based on the uncertainty of Plaintiff's remaining claims in this action, it will wait until Defendants' counsel files the supplemental briefing on the status of Plaintiff's state law actions before it determines whether the U.S. Marshal Service will be directed to serve Defendants Cousins and Raymond.  The Court will also

**ORDER  15**

wait to see if Plaintiff decides to file an amended complaint in this action which includes Cousins and Raymond. Accordingly, Plaintiff's Motions for Default Judgment are denied.

Plaintiff also filed a Motion to Dismiss Defendant Thayne O'Dell from this action. It appears that Defendants did not oppose the request for dismissal, and therefore, Plaintiff's motion is granted.

Plaintiff also filed a Motion to Strike the Affidavit of Thayne O'Dell. He makes the request based on his request to dismiss O'Dell as a Defendant in the case. Even though Officer O'Dell has been dismissed from the civil rights action, the Court may still consider his Affidavit as part of Defendants' request for Summary Judgment. Accordingly, Plaintiff's Motion is denied.

Additionally, Plaintiff requested that the Affidavit of Blake G. Hall, Defendants' counsel, be stricken from the record. There is no merit to this request, and the Motion to Strike is denied.

Defendants filed a Motion to Strike Plaintiff's Motion for Summary Judgment. Defendants argue that the Plaintiff's Motion for Summary Judgment consists of unfounded legal conclusions and is based on impermissible speculation and hearsay. The Court also notes that Plaintiff failed to follow the requirements of the District of Idaho Local Civil Rule 56.1, which provides, "[t]here shall be served

**ORDER  16**

and filed with each motion for summary judgment a concise statement of the material facts as to which the moving party contends there are no genuine issues of dispute."

Plaintiff's Motion for Summary Judgment fails to conform with the standards for filing a summary judgment motion, and therefore, it will be denied.  The alternative basis for denying Plaintiff's Motion is the Court's determination that Defendants' are entitled to summary judgment for at least a portion of Plaintiff's civil rights claims and that they may be entitled to dismissal of the claims Plaintiff filed in the state court actions.

Based on the foregoing, Plaintiff's Motion for Summary Judgment is denied and Defendants' Motion to Strike is granted.

Plaintiff also filed a Motion to Appoint Counsel.  In civil cases, counsel should be appointed only in "extraordinary cases." *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986).  To determine whether extraordinary circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  Neither factor is dispositive, and both must be evaluated together.  *Id.*

**ORDER  17**

The Court is unable to determine whether Plaintiff's remaining claims have merit, and Plaintiff has demonstrated an obvious ability to articulate his claims. Therefore, his request for appointment of counsel is denied.

Finally, Plaintiff filed two Motions to Compel. The Motions relate to the subpoenas Plaintiff served on Bonneville County, requesting information from the Defendants' personnel files. The Court granted Defendants' Motion to Quash the subpoenas, and ordered the parties to refrain from filing any further motions relating to discovery. Despite the Court's Order, Plaintiff filed the two Motions to Compel. Accordingly, the Court will order that the Motions to Compel be stricken based on Plaintiff's failure to comply with the Court's previous Order.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant Bonneville County's Motion for Summary Judgment (Docket No. 20) is GRANTED as set forth above. Supplemental briefing on the status of the state court actions shall be filed within thirty (30) days.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motions for Default Judgment (Docket Nos. 24, 25) are DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Dismiss

**ORDER  18**

Thayne Odell (Docket No. 26) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motions to Strike Affidavits (Docket Nos. 27, 28) are DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 30) is DENIED.

IT IS FURTHER HEREBY ORDERED that Defendants' Motion to Strike Plaintiff's Summary Judgment Motion (Docket No. 38) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Appoint Counsel (Docket No. 42) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motions to Compel (Docket Nos. 55, 57) are stricken.

IT IS FURTHER HEREBY ORDERED that in the event Plaintiff elects to file an amended complaint, he shall do so within thirty (30) days.

DATED:  **September 27, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER  19**