IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JIMMIE HAROLD CAUDLE, JR. ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DEPUTY STEEL, DEPUTY ) <br> SCHWARTZ, SARGENT O'DELL, ) <br> SARGENT RAYMOND, and ) <br> SARGENT COUSINS, ) <br> ) <br> Defendants. ) <br> _____) | Case No. CV-06-188-E-BLW <br><br> **ORDER** |

Pending before the Court are the following motions: (1) Defendants' Motions to Dismiss Plaintiff's Amended Complaint (Docket Nos. 63, 65); (2) Plaintiff's Motion for Default Judgement (Docket No. 67); and (3) Plaintiff's Motion to Strike Affidavit (Docket No. 73). Having fully reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, in the interest of avoiding further delay, the Court shall decide this matter on the written motions, briefs and record without oral argument.

Based on a review of the pending motions and the record in this action, the

ORDER – 1

Court has determined that Plaintiff previously litigated the claims in the present action in two cases he filed in Idaho State court. Therefore, he is precluded from litigating these claims a second time in Federal Court. Based on the dismissal of the Amended Complaint, all other pending motions are deemed moot.

## FACTUAL BACKGROUND

On March 22, 2006, Plaintiff filed an action against Bonneville County (case number CV-2006-1464) in the Seventh Judicial District for the State of Idaho arising from an incident involving Bonneville County Deputies Steel and Schwartz. *Docket No.* 75, Ex. A. Plaintiff claimed that on June 22, 2005, he was assaulted, battered, and unlawfully arrested by Deputies Steel and Schwartz, and that he was maliciously prosecuted in Bonneville County. *Docket No.* 75, Ex. A. Plaintiff brought suit under the Idaho Tort Claims Act, and informed the court that he was aware of his Constitutional claims, but was not electing to pursue these claims in his lawsuit. *Docket No.* 75, Ex. A. The court granted Defendant Bonneville County's motion for summary judgment, dismissing Plaintiff's complaint in case number CV-2006-1464 on the grounds that Plaintiff failed to file a notice of tort claim within the statutory deadline. *Docket No.* 75, Ex. A. A judgment was entered on May 3, 2007, and no appeal was filed. *Docket No.* 75, Ex. A.

On June 5, 2007, Plaintiff again filed an action (case number CV-2007-3068) in the Seventh Judicial District of Idaho against Bonneville County, claiming that his Fourth, Fifth, Eighth, and Fourteenth Amendment rights had been violated as a result of the June 22, 2005 incident with Deputies Steel and Schwartz. *Docket No.* 75, Ex. A.  Plaintiff raised the claims of assault and battery, unlawful arrest, and malicious prosecution.  *Docket No.* 75, Ex. A.  Bonneville County filed a motion to dismiss Plaintiff's complaint based on a res judicata defense.  The state court judge held that the second case Plaintiff filed and case number CV-2006-1464 had the same parties, the same claims (or claims that should have been brought), and that a final judgment had been entered on the merits.  *Docket No.* 75, Ex. A.  Therefore, the res judicata defense barred the second lawsuit.  The court granted Bonneville County's motion to dismiss, treating it as a motion for summary judgment.  *Docket No.* 75, Ex. A.

On June 6, 2006, Plaintiff filed another complaint against Bonneville County (case number CV-2006-2581) in Idaho state court, alleging assault and battery and illegal arrest arising from an August 31, 2005, incident at Plaintiff's home. *Docket No.* 61, Ex. C.  Plaintiff claimed that he was sprayed with mace and physically attacked by Deputies Steel and Raymond of Bonneville County and Officer Cousins of the Idaho Falls Police Department.  *Docket No.* 61, Ex. C.

ORDER – 3

Plaintiff alleged that his claim arose from the Idaho State Constitution and the United States Constitution. *Docket No.* 61, Ex. C. The court dismissed Plaintiff's State Constitutional claims because there was no cause of action for such deprivations. *Docket No.* 61, Ex. C. Both parties moved for summary judgment. *Docket No.* 61, Ex. C. Defendant Bonneville County argued that, "under 42 U.S.C. § 1983, a plaintiff is not entitled to relief against governmental entities for the actions of its employees under the doctrine of respondeat superior." *Docket No.* 61, Ex. C. Plaintiff argued that he was not asserting a respondeat superior argument, but rather an argument that Defendant Bonneville County "allowed and condoned the illegal actions of [the officers] on August 31, 2005." *Docket No.* 61, Ex. C. The court held, however, that "Plaintiff has offered insufficient evidence that Defendant condoned any illegal activity to survive summary judgment." *Docket No.* 61, Ex. C. Finding no genuine issue of material fact, the court granted Defendant Bonneville County's motion for summary judgment. *Docket No.* 61, Ex. C. Plaintiff's case against Bonneville County (case number CV-2006-2581) is currently on appeal in the Idaho State court system. *Docket No. 62, Docket No. 63.*

On May 5, 2006, Plaintiff filed suit in this Court alleging several civil rights violations arising from his arrests in Bonneville County. *Docket No.* 2. After reviewing the Complaint to determine if it was subject to summary dismissal under

ORDER – 4

28 U.S.C. §§ 1915(e)(2)(B), this Court allowed Plaintiff to proceed on the Eighth Amendment claims against the Bonneville County police officers. *Docket No.* 17. All other claims were dismissed from the lawsuit. *Docket No.* 17.

The Court granted Defendants' Summary Judgment Motion on Plaintiff's Eighth Amendment claim arising out of a suicide watch incident in Bonneville County Jail, and requested additional briefing from the Defendants on the status of Plaintiffs other Eighth Amendment claims pending in state court actions. *Docket No.* 60.

Plaintiff filed an Amended Complaint on October 11, 2007, alleging violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments. *Docket No.* 62. Specifically, Plaintiff claims that on June 22, 2005, he was "jumped by two assailants and sprayed with a burning solution" and "fought for his life." *Docket No.* 62. The "assailants" were later discovered to be Bonneville County Deputies Steel and Schwartz. *Docket No.* 62.

Plaintiff's Amended Complaint also contains a claim arising out of the incident occurring on August 31, 2005. *Docket No.* 62. Plaintiff alleges that he was sprayed with mace and attacked by Bonneville County Deputies Steel and Raymond and Idaho Falls Police Officer Cousins in front of his home in violation of "Idaho statutes, Idaho Criminal Rules, and well established Constitutional

Principles."  *Docket No. 62.*

On November 14, 2007, Defendants Steel and Schwartz filed a Motion to Dismiss Plaintiff's Amended Complaint, asserting that Plaintiff's Amended Complaint should be dismissed because the claims contained therein are precluded by the doctrines of res judicata and collateral estoppel.  *Docket No. 63.* Defendants argue that all claims raised in Plaintiff's Amended Complaint were previously litigated in the state court cases.  *Docket No. 63.*  Specifically, Defendants argue that the claims arising from the June 22, 2005, incident were the subject of Bonneville County Case No. CV-2006-1464, and that the claims arising from the August 31, 2005 incident were the subject of Bonneville County Case No. CV-2006-2581.  *Docket No. 63.*

Plaintiff contends that the defenses of res judicata and collateral estoppel are not applicable because "no judgments involving the [named Defendants] are possible as this is the only action the Plaintiff has against said Defendants." *Docket No. 69.*

## STANDARDS OF LAW

Res judicata prevents parties from re-litigating causes of action which were finally decided in a previous suit.  Res judicata is an affirmative defense which may be used in federal court to give preclusive effect to prior state court

ORDER – 6

judgments.  *See* 28 U.S.C. § 1738 (federal courts must afford full faith and credit to state judicial proceedings); *Allen v. McCurry*, 449 U.S. 90 (1980) (federal courts hearing § 1983 actions must give *collateral estoppel* preclusive effect to state court judgments); *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75 (1984) (federal courts hearing § 1983 actions must give *res judicata* preclusive effect to state court judgments).  To determine whether a state judgment should have preclusive effect in a federal action, federal courts apply the state's rules governing preclusion.  *See Migra*, 465 U.S. at 83-85.

Idaho law provides that the party asserting res judicata as an affirmative defense bears the burden of establishing all of the essential elements thereof by a preponderance of the evidence.  *Foster v. City of St. Anthony*, 841 P.2d 413, 420 (Idaho 1992).  "Under the principle of res judicata or claim preclusion, judgment on the merits in a prior proceeding generally bars relitigation between the same parties or their privies on the same cause of action."  *D.A.R., Inc., v. Sheffer*, 997 P.2d 602, 605 (Idaho 2000) (citing *Yoakum v. Hartford Fire Ins.*, 923 P.2d 416 (Idaho 1996)).  The doctrine of res judicata applies only to final judgments on the merits.  *Systems Associates, Inc., v. Motorola Communications and Electronics, Inc.*, 778 P.2d 737, 739 (Idaho 1989) (federal court's interlocutory order was not given preclusive effect).

ORDER – 7

Idaho has adopted the "transactional" approach to res judicata, which means that "[i]n an action between the same parties upon the same claim or demand, the former adjudication concludes parties and privies not only as to every matter offered and received to sustain or defeat the claim but also as to every matter which might and should have been litigated in the first suit." *Weldon v. Bonner County Tax Coalition*, 855 P.2d 868, 872 (Idaho 1993) (overruled on other grounds by *City of Boise v. Keep the Commandments Coalition*, 141 P.3d 1123 (Idaho 2006)).

## DISCUSSION

Based on a review of the record in this action, the Court has determined that the civil rights claims presently before the Court are the same claims Plaintiff has, or should have, previously asserted in state court case numbers CV-07-3068 and CV-06-2581. In Plaintiff's Amended Complaint, he acknowledges that both cases had previously been filed in state court. *Docket No.* 62.

Plaintiff's first claim in the Amended Complaint arose from a June 22, 2005, incident. *Docket No.* 62. Plaintiff alleges that he was assaulted and battered by Bonneville County Deputies Steel and Schwartz, in violation of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. *Docket No.* 62. Plaintiff has previously pursued these same claims against Bonneville County Deputies Steel and Schwartz in Idaho State court case number CV-07-3068. *Docket No.* 75, Ex.

A.

Plaintiff's second claim in the Amended Complaint arose from an August 31, 2005 incident. *Docket No.* 62. Plaintiff alleges that he was assaulted and battered by Bonneville County Deputies Steel and Raymond and Idaho Falls Police Officer Cousins in violation of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. *Docket No.* 62. In Idaho State court case number CV-06-2581, Plaintiff alleged that Bonneville County Deputies Steel and Raymond and Idaho Falls Police Officer Cousins assaulted and battered him on August 31, 2005 in violation of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. *Docket No.* 61, Ex. C. Therefore, the claims in the Amended Complaint have been previously litigated.

Plaintiff claims he should be allowed to proceed in federal court because his state court claims are based on different theories of recovery. *Docket No.* 30. However, Idaho's transactional approach to claim preclusion bars not only the matters offered and received to defeat a claim, but bars every matter which might or should have been litigated in the first suit. Having fully reviewed state court case numbers CV-07-3068 and case CV-06-2581, the Court is satisfied that the claims presently before it are the same claims that have previously been or should have been asserted in the state court cases.

ORDER – 9

A review of the Idaho state court cases also shows that the parties being sued in the present action were the same parties or privies thereto as those sued in the state court lawsuits.  In both case number CV-07-3068 and CV-06-2581, Plaintiff named Bonneville County in the caption of the complaints and alleged in the body of the complaint that the actions of Bonneville County Deputies Steel, Schwartz, and Raymond and Officer Cousins of the Idaho Falls Police Department violated his civil rights.  The transactional approach to res judicata under Idaho law clearly precludes a plaintiff from suing the same parties or their privies a second time. *Weldon*, 855 P.2d at 872.

Finally, judgments were entered in case numbers CV-07-3068 and CV-06-2581 after the state court determined that the defendants were entitled to summary judgment of Plaintiff's claims.  "Under principles of claim preclusion, a valid final judgment rendered on the merits by a court of competent jurisdiction is an absolute bar to a subsequent action between the same parties upon the same claim." *Lohman v. Flynn*, 78 P.3d 379, 386 (Idaho 2003).  "As a general rule, a final judgment is an order or judgment that ends the lawsuit, adjudicates the subject matter of the controversy, and represents a final determination of the parties' rights."  *Watson v. Watson*, 159 P.3d 851, 855 (Idaho 2007).

Based on the foregoing, the Court will grant Defendants' Motion to Dismiss Plaintiff's Amended Complaint.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motions to Dismiss Plaintiff's Amended Complaint (Docket Nos. 63, 65) are GRANTED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Default Judgment (Docket No. 67) is MOOT.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Strike Affidavit (Docket No. 73) is MOOT.



DATED:  **August 29, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge